## CIRCUIT COURT OF LOUDOUN COUNTY

Reston Hospital Center

    v.

Barry A. Querry

### March 13, 1992

### Case No. (Law) 13135

BY JUDGE JAMES H. CHAMBLIN

After hearing from Mr. Fishman and Mr. Querry on February 14, 1992, and from Mrs. Irene Dix of Farmers & Merchants National Bank ("F&M") on March 6, 1992, I took under advisement the issue of whether F&M acted properly in withdrawing from Mr. Querry's checking account the sum of $375.00 pursuant to the garnishment summons served on it and paying it to the Court.

For the reasons hereinafter set forth, I am of the opinion that F&M erred in paying the $375.00 to the Court, debiting Mr. Querry's account for that sum and creating an overdraft in his account of $375.00.

### Findings of Fact

Reston Hospital Center ("RHC") secured a judgment against Mr. Querry in this Court in October, 1991, in the amount of approximately $9,000.00. Mr. Querry and his wife had various checking accounts with F&M during December, 1991. RHC requested a garnishment summons to F&M as garnishee in early December, 1991.

At 2:00 p.m. on December 12, 1991, there was a balance in F&M checking account # 1220519 in the name of Mr. and Mrs. Querry of $453.19. After 2:00 p.m. on December 12, 1991, Mr. Querry cashed a check on that account for $375.00. When the check was cashed and Mr. Querry received $375.00 in cash, a computer entry reduced the "available balance" by $375.00. However, because the transaction

occurred after 2:00 p.m., the check was placed with items to be processed on the next business day, December 13, 1991. The actual balance of the account as shown in the bookkeeping department's records continued to be $453.10.

At 12:12 p.m. on December 13, 1991, the garnishment summons was served on the appropriate officer of F&M. At that time, the $375.00 check had not been debited on the actual balance of the account in the bookkeeping department. Therefore, the actual balance showed $453.19 which was debited from the account pursuant to the garnishment and paid to the Court. When the $375.00 check finally was processed, it was debited from the account creating a $375.00 overdraft.

## Conclusions of Law

Under Virginia Code § 8.4–213(1)(a), an item is finally paid by the payor bank when it pays the item in cash. Hence, F&M finally paid the check when Mr. Querry cashed it on December 12, 1991, and received $375.00 in cash.

Under Virginia Code § 8.4–303(1)(b), any legal process, such as a garnishment summons, served upon a payor bank comes too late after the bank has finally paid the item in cash. Therefore, the garnishment summons was ineffective as to the $375.00 paid by F&M to Mr. Querry before service of the summons. It would only have been effective as to the remaining $78.19 in the account.

Accordingly, the sum of $375.00 should be returned by the Court to F&M for crediting to the account so as to negate the overdraft. However, the Court will not order such return of the $375.00 pending the outcome of Mr. Querry's motion to set aside the judgment.